IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYSHUN GOODEN-EL, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:20-CV-320-B (BH) |
| ) | |
| DALLAS COUNTY, et al. ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Rayshun Gooden-El (Plaintiff), a Texas prisoner proceeding *pro se*, originally filed suit in the Eastern District of Texas on behalf of himself and other plaintiffs against a number of defendants, including Dallas County and the City of Dallas, Texas. (*See* doc. 1.) His claims against those defendants were severed and transferred to this district. (*See* doc. 3.)

Plaintiff sues under the Alien Tort Claims Act of 1789. (*See* doc. 1 at 2.)[2] He asserts that he is a non-resident alien, a descendant of the Ancient Moabites whom inhabited Africa, and that he is not and has never been a United States citizen. (*See id.* at 3.) He claims that Defendants have improperly identified him with the slave labels "NEGRO, BLACK, COLORED" in violation of *ex post facto* law, that these labels are "property tags given to imported African Moors during the Constitutional time of Slavery", and Defendants have no right to impose these labels on him through the issuance of a birth certificate. (*See id.* at 2, 5; doc. 10 at 1-2.) By affixing these labels on him,

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

he contends, Defendants have "unlawfully denationalized" him and are holding him hostage as a political prisoner in violation of the Thirteenth, Fourteenth, and Fifteenth amendments. (*See* doc. 1 at 3; doc. 10 at 3.) He appears to claim that as a Moorish American, he is beyond the authority of the United States or any individual state, so the state of Texas lacked the authority and/or jurisdiction to imprison him. Plaintiff asserts that he made these same jurisdictional arguments to the Texas Supreme Court, but it chose to "stand mute" on the issues despite his being "subjected to encroachments and treated as [a slave], devoid of [his] national prestige as [a] Moorish American National." (*See* doc. 1 at 12.)

Plaintiff appears to seek (1) a cease and desist order to any and all local and state officials "which are utilizing these outlawed *ex post facto* labels"; (2) an order "enforc[ing] the return" of the status quo before his "denationalization" took place; (3) an injunction concerning the "suspect classification" usage and forcing Defendants herein to produce all documents using these suspect titles (i.e. negro, black, colored); (4) his release as well as that of other Moorish Americans in accordance with the terms of a "Third Party Beneficiary - Third Party Custody Contract for Release of Prisoners in Custody"; and (5) an order compelling Defendants to pay his court and attorney fees, as well as any monetary damages awarded. (*See* doc. 10 at 7; doc. 1 at 13; doc. 1-1 at 1).

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

dismissal of the complaint, or any portion thereof, if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curium).

### III. REPRESENTATION OF OTHERS

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C.A. § 1654.  Rule 11 of the Federal Rules of Civil Procedure requires that each party proceeding *pro se* sign each pleading, motion, or other paper filed by that party.  "[I]ndividuals who do not have a law license may not represent other parties in federal court even on a next friend basis.", however.  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).  Because no other party signed the complaint, and Plaintiff may not prosecute this action on behalf of other parties, only Plaintiff's claims on his own behalf are considered.

### IV.  NATIONALITY CLAIMS

In *Gooden-El v. Tarrant County, Texas*, No. 4:20-cv-116-O, 2021 WL 793758, at *1-2 (N.D. Tex. March 2, 2021) (*Gooden-El*), the Fort Worth Division characterized Plaintiff's identical claims against Tarrant County and the City of Fort Worth as a challenge to "his incarceration under a theory that he was not subject to prosecution in Texas state courts because that prosecution deprived him of his rights as a 'Moorish American National'" and rejected them as frivolous.  It noted that another federal district court had recently observed that "the 'Moorish American' claims are based on theories that are 'not credible,' and cited numerous cases in support as follows:

> *See Bey v. State of Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017) (distinguishing tenants of the Moorish Science Temple of America from discredited theories asserted by so-called Moors associated with the sovereign-citizen movement); *El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 539-51 (D.N.J. 2011) (declining to grant leave to proceed *in forma pauperis* in a case brought by adherents to a "Moorish Movement" related to sovereign citizenship); *Barthelemy-Bey v. Louisiana*, No. 19-cv-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted); *Mason v. Anderson*, No. 4:15-cv-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 8, 2016) (noting that "courts routinely dismiss sovereign citizen claims") (citing *Wirsche v. Bank of Am., N.A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law - not a single time.") (citations omitted)); *Gooden-El v. Texas*, No. 20-cv-159, 2020 WL 1847157, at *1-2 (W.D. Tex. Apr. 13, 2020) (recommending dismissal of complaint filed by another inmate from the Estelle Unit, seeking release of all "Moorish American Nationals" being held in unlawful captivity as hostages or political prisoners, as "frivolous").

*Id.* at 2 (quoting *King v. Trump*, CA No. H.-20-1600, 2020 WL 3542778, at *2 (S.D. Tex. June 30, 2020)). As in *King,* the Fort Worth Division also dismissed Plaintiff's Moorish American claims as frivolous for the same reasons.  *Id.*

Here, Plaintiff's claims in his complaint and questionnaire responses that he is not subject

to prosecution as a Moorish National are frivolous for the same reasons set forth in the above-referenced cases and should likewise be dismissed.³ *See id.* at *2 (citing *Vassar-E v. Louisiana*, CA No. 20-090, 2020 WL 2520718, at *3 (E.D. la. May 18, 2020) ("[i]t appears that Plaintiff is like many other 'Moorish Americans' who attempt to escape the laws of this country") (citing *El v. Louisiana*, CA No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017) (citations omitted)).

## V. HABEAS CLAIMS

As noted, Plaintiff appears to seek a release from confinement. A prisoner may only challenge the fact or duration of confinement within the exclusive scope of habeas corpus. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). To the extent that Plaintiff seek habeas relief in this non-habeas civil action, he therefore fails to state a cause of action upon which relief may granted.⁴

## VI. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr.

---

³ Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

⁴ In *Gooden-El,* the court declined to construe Plaintiff's complaint as seeking habeas relief "because if [Plaintiff] did not intend for this action to be a petition for habeas relief under 28 U.S.C. § 2254, any subsequently filed petitions could be subject to the restrictions on 'second or successive' petitions." *Gooden-El*, 2021 WL 793758, at *3 (citing *Castro v. United States*, 540 U.S. 375)). The court also noted that Plaintiff had made "no allegations suggesting he has exhausted his state court remedies." *Gooden-El*, 2021 WL 793758, at *3. The same is true here.

5

12, 2004); *Sims*, 2001 WL 627600, at *2. Nonetheless, a court need not give an opportunity to amend where the court finds that the plaintiff's case is patently frivolous. *See Gooden-El*, 2021 WL 793758, at *3 (refusing to grant leave to amend based on the frivolity of Plaintiff's allegations); *see also El*, 2017 WL 1969552, at *3 (noting that given the frivolity of the plaintiff's "Moorish American" theory of recovery against the Governor of Louisiana, an opportunity to amend was not warranted) (citing *Bey v. Sutton*, No. 413-205, 2013 WL 5816427, at *1 (S.D. Ga. Oct. 29, 2013) (finding a "Moorish American's" complaint so frivolous that a "re-pleading option" was not warranted)). Accordingly, Plaintiff is not entitled to leave to amend here.

## VII. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. §§ 1915A and 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[5]

**SO RECOMMENDED** on this 12th day of July, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE